**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHRISBELL QUEZADA, | Case No.: |
| Plaintiff, | |
| v. | |
| CASSENS TRANSPORT COMPANY and HERNAN VALDIVIA | |
| Defendants. | |

## INDEX OF ATTACHMENTS TO NOTICE OF REMOVAL

Defendants, CASSENS TRANSPORT COMPANY and HERNAN VALDIVIA ("Defendants")
by and through their attorneys, Tompkins, McGuire, Wachenfeld & Barry, LLP, submit this Index
to the Notice of Removal:

1. Copy of the Summons and Complaint filed by Plaintiff in the New York State Supreme
   Court for the County of Queens.  **Exhibit A**.

2. Copy of the Verified Answer and Affirmative Defenses of the Defendants filed in the New
   York State Supreme Court for the County of Queens.  **Exhibit B**.

3. Copy of Defendants' CPLR § 3017(c) demand.  **Exhibit C**.

4. Copy of Plaintiff's response to Defendants' CPLR § 3017(c) demand.  **Exhibit D.**

5. Copy of Defendant, Cassens Transport Company's corporation information from the
   Illinois Office of the Secretary of State website.  **Exhibit E**.

Respectfully submitted,

/s/ Michael S. Miller
Michael S. Miller, Esq.
**TOMPKINS, McGUIRE,**
**WACHENELD & BARRY, LLP**
3 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
(973) 622-3000
*Attorneys for Defendants*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------X

KHRISBELL QUEZADA,

                 Plaintiff,

              -against-

CASSENS TRANSPORT COMPANY and HERNAN
VALDIVIA,

                Defendants.

-----------------------------------------------------------------------X

**Index No.:**

**SUMMONS**

Plaintiff designates QUEENS
County as the place of trial.

The basis of venue is:
Plaintiff's situs of accident

**To the above-named Defendants**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       January 12, 2022

                        Yours, etc.,
                      **WILLIAM SCHWITZER & ASSOCIATES, P.C.**

                      By: John C. Merlino, Esq.
                      *Attorneys for Plaintiff*
                      KHRISBELL QUEZADA
                      820 Second Avenue, 10th Floor
                      New York, New York 10017
                      (212) 683-3800
                      File No.: SNL21-002

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 4 of 29 PageID #: 9

TO:

CASSENS TRANSPORT COMPANY
145 North Kansas Street
Edwardsville, Illinois 62025

CASSENS TRANSPORT COMPANY
2401 Veterans Memorial Parkway
Lafayette, Indiana 47903

HERNAN VALDIVIA
587 Meadow Street, 1st Floor
Elizabeth, New Jersey 07201

*This Summons and Complaint is being Served pursuant to
New York State Vehicle and Traffic Law § 253*

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 5 of 29 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X   Index No.:
KHRISBELL QUEZADA,

              Plaintiff,                    **VERIFIED COMPLAINT**

      -against-

CASSENS TRANSPORT COMPANY and HERNAN
VALDIVIA,

              Defendants.
-------------------------------------------------------------------X

        Plaintiff, KHRISBELL QUEZADA, by her attorneys, WILLIAM SCHWITZER &

ASSOCIATES, P.C., as and for a cause of action alleges upon information and belief as follows:

       1.    At all the times herein mentioned, Plaintiff, **KHRISBELL QUEZADA**, was and still is a

resident of the County, City and State of New York.

       2.    That at all times herein mentioned, Plaintiff, **KHRISBELL QUEZADA**, operated a motor

vehicle bearing New York State registration number JPH6959.

       3.    That at all the times hereinafter alleged, and upon information and belief, the Defendant,

**CASSENS TRANSPORT COMPANY**, was and still is a domestic corporation organized and

existing under and by virtue of the laws of the State of Indiana.

       4.    That at all the times hereinafter alleged, and upon information and belief, the Defendant,

**CASSENS TRANSPORT COMPANY**, was and still is a foreign corporation authorized to do

business under and by virtue of the laws of the State of Indiana.

       5.    That at all the times hereinafter alleged, and upon information and belief, the Defendant,

**CASSENS TRANSPORT COMPANY**, was a company organized and existing under and by virtue

of the laws of the State of Indiana.

       6.    That at all of the times hereinafter mentioned, and upon information and belief, the

Defendant, **CASSENS TRANSPORT COMPANY**, maintained a principal place of business in the City of Lafayette and State of Indiana.

7. That at all times hereinafter alleged, and upon information and belief, the Defendant, **CASSENS TRANSPORT COMPANY**, owned a motor vehicle bearing Indiana State registration number 2457241.

8. That at all times hereinafter alleged, and upon information and belief, the Defendant, **CASSENS TRANSPORT COMPANY**, was a lessor of a motor vehicle bearing Indiana State registration number 2457241.

9. That at all times hereinafter alleged, and upon information and belief, the Defendant, **CASSENS TRANSPORT COMPANY**, was a lessee of a motor vehicle bearing Indiana State registration number 2457241.

10. That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, operated a motor vehicle bearing Indiana State registration number 2457241.

11. That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, maintained a motor vehicle bearing Indiana State registration number 2457241.

12. That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, managed a motor vehicle bearing Indiana State registration number 2457241.

13. That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, controlled a motor vehicle bearing Indiana State registration number 2457241.

FILED: QUEENS COUNTY CLERK 01/12/2022 06:53 PM INDEX NO. 700783/2022

NYSCEF DOC. NO. 1    Case 1:22-cv-02349-RPK-SJB    Document 1-1    Filed 04/26/22    Page 7 of 29 PageID #: 12    RECEIVED NYSCEF: 01/12/2022

14.    That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, operated a motor vehicle bearing Indiana State registration number 2457241 with knowledge, permission and consent of Defendant, **CASSENS TRANSPORT COMPANY**.

15.    That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, operated a motor vehicle bearing Indiana State registration number 2457241 within the scope of his employment of the Defendant, **CASSENS TRANSPORT COMPANY**.

16.    That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, maintained a motor vehicle bearing Indiana State registration number 2457241 with knowledge, permission and consent of Defendant, **CASSENS TRANSPORT COMPANY**.

17.    That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, managed a motor vehicle bearing Indiana State registration number 2457241 with knowledge, permission and consent of Defendant, **CASSENS TRANSPORT COMPANY**.

18.    That at all times hereinafter alleged, and upon information and belief, the Defendant, **HERNAN VALDIVIA**, controlled a motor vehicle bearing Indiana State registration number 2457241 with knowledge, permission and consent of Defendant, **CASSENS TRANSPORT COMPANY**.

19.    That at all times hereinafter mentioned, Jamaica Avenue at or near Springfield Boulevard, County of Queens, City and State of New York, was and still is a public highway used extensively by the public in general.

20.    That on May 20, 2021, at the aforesaid location, the aforesaid motor vehicle(s) came in contact with one another.

21. The aforesaid accident and the injuries resulting therefrom were due to the careless, reckless and negligent manner in which the Defendants owned, operated, managed, maintained and controlled the motor vehicles, without the Plaintiff in any way contributing thereto.

22. That by reason of the foregoing and the negligence of the Defendants, the Plaintiff, **KHRISBELL QUEZADA**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled.

23. That by reason of the foregoing, the Plaintiff, **KHRISBELL QUEZADA**, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

24. That by reason of the foregoing, the Plaintiff, **KHRISBELL QUEZADA**, has been unable to attend to her usual occupation in the manner required.

25. That by reason of the wrongful, negligent and unlawful actions of the Defendants, as aforesaid, the Plaintiff, **KHRISBELL QUEZADA**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

26. One or more of the exceptions of §1602 of the Civil Practice Laws and Rules applies to the within action.

27. That as a result of the foregoing, the Plaintiff, **KHRISBELL QUEZADA**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 9 of 29 PageID #: 14

**WHEREFORE**, Plaintiff, KHRISBELL QUEZADA, demands judgment against the

Defendants for the First Cause of Action in excess of the jurisdictional amounts of the lower

Courts, together with the costs and disbursements of this action.

Dated: New York, New York
January 12, 2022

Yours, etc.,
**WILLIAM SCHWITZER & ASSOCIATES, P.C.**

_____

By: John C. Merlino, Esq.
*Attorneys for Plaintiff*
KHRISBELL QUEZADA
820 Second Avenue, 10th Floor
New York, New York 10017
(212) 683-3800
File No.: SNL21-002

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 10 of 29 PageID #: 15

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK       }
                        }SS.:
COUNTY OF NEW YORK      }

_Khristell Quezada_ , being duly sworn, says:

I am a Plaintiff in the action herein: I have read the annexed _Summons + Complaint_

and know the contents thereof, and the same are true to my knowledge, except those

matters therein which are to be alleged upon information and belief, and as to those

matters I believe them to be true.  My belief as to those matters therein not stated upon

knowledge, is based upon facts, records, and other pertinent information contained in my

personal files.

Dated: New York, New York

_January 12_ 2022

Sworn to before me this

_12th_ day of _January_ 20 _22_

_____
Notary Public

Giulia Pretannia Escobar
Notary Public - State of New York
No. 01ES6324620
Qualified in Nassau County
My Commission Expires May 11, 2023

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 11 of 29 PageID #: 16

**Index No.:**
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

KHRISBELL QUEZADA,

        Plaintiff,

    -against-

CASSENS TRANSPORT COMPANY and HERNAN
VALDIVIA,

        Defendants.

### SUMMONS AND VERIFIED COMPLAINT

**WILLIAM SCHWITZER & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
**820 Second Avenue, 10th Floor**
**New York, New York 10017**
**(212) 683-3800**
**Fax: (212) 685-2356**

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

KHRISBELL QUEZADA,

                    Plaintiff,

        -against-

CASSENS TRANSPORT COMPANY and
HERNAN VALDIVIA,

                 Defendants.

Index No. 700783/2022

## VERIFIED ANSWER AND AFFIRMATIVE DEFENSES

Defendants Hernan Valdivia and Cassens Transport Company, by their attorneys, Tompkins, McGuire, Wachenfeld & Barry, LLP, for their Verified Answer to the Plaintiff's Verified Complaint set forth upon information and belief as follows:

## PARTIES AND JURISDICTION

1. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

2. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

3.       Deny. Cassens Transport Company is an Illinois corporation.

4.       Objection to the extent paragraph 4 calls for legal conclusions. Without waiving this objection Cassens Transport Company is registered as a foreign corporation in Indiana.

5.       Deny. Cassens Transport Company is an Illinois corporation.

6.       Deny.

7. Deny knowledge and information sufficient to form a belief as to the truth of this

1171612

1 of 8

allegation.

8.   Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

9.   Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

10. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

11. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

12. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

13. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

14. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

15. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

16. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

17. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

18. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

19.    Admit.

1171612

20. Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

21.    Deny.

22.    Deny.

23.    Deny.

24.    Deny.

25.    Deny.

26.    Deny.

27.    Deny.

**WHEREFORE**, Defendants demand judgment dismissing the complaint herein together with the costs and disbursements of this action.

## *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

The defendants not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment,  release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

The complaint fails to state a claim upon which relief may be granted.

## *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

Pursuant to CPLR Article 16, the liability of defendants to the plaintiff herein for non-economic loss is limited to defendants' equitable share determined in accordance with the

1171612

relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.  Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff was caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.  But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendants, for whose acts said defendants are not liable or responsible and not as a result of any negligence.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

These defendants are entitled to a set-off if any tortfeasor has or will settle with plaintiffs pursuant to G.O.L. 15-108.

1171612

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 17 of 29 PageID #: 22

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The complaint must be dismissed, as answering defendants owed no duty to plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That plaintiff does not have a "serious injury" as defined in §5104 et. seq. of the New York Insurance Law and are therefore barred from maintaining this action.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

That plaintiff's injuries were caused in whole or in part by the failure of the operator of the host vehicle to properly restrain the plaintiff's in said motor vehicle with a safety seat or belt, pursuant to Vehicle and Traffic Law §1229(c).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, the occurrence alleged in the Verified Complaint herein was spontaneous, unavoidable, and could not have been prevented by these answering defendants herein.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendants acted prudently and reasonably in the face of an un-anticipated emergency situation not of their own making.

1171612

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 18 of 29 PageID #: 23

**WHEREFORE,** Defendants demand judgment as follows:

a)      The causes of action of the Plaintiffs be dismissed.

b)      Judgment be awarded based upon the affirmative defenses;

c)      Any recovery awarded to Plaintiffs be diminished in proportion to which

   Plaintiffs' own culpable conduct contributed to its claimed damages;

d)      Such other relief be awarded as the Court deems just and proper.


        */s Jared DuVoisin*     
        JARED P. DuVOISIN, Esq.
        **TOMPKINS, McGUIRE**
          **WACHENFELD & BARRY, LLP**
        3 Becker Farm Road, 4th Floor
        Roseland, New Jersey 07068
        (973) 622-3000

        140 Broadway, 46th Floor
        New York, New York 10005
        (212) 714-1720
        Attorneys for Defendants

DATED:   March 23, 2022


TO: John C. Merlino, Esq.
   William Schwitzer & Associates, Inc.
    820 Second Avenue, 10th Floor
   New York, New York 10017

1171612

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

KHRISBELL QUEZADA,

                    Plaintiff,

          -against-

CASSENS TRANSPORT COMPANY and
HERNAN VALDIVIA,

                 Defendants.

Index No. 517522/2020

## ATTORNEY VERIFICATION

Jared P. DuVoisin, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at the law office of Tompkins, McGuire, Wachenfeld & Barry, attorneys of record for the Defendants.   I have read the annexed Verified Answer and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief and as to those matters, I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, it is based upon facts, records and other pertinent information contained in my files.

This Verification is made by me because the Defendants are not presently in the County wherein I maintain my offices.

DATED: March 23, 2022

                                */s Jared DuVoisin*
                                Jared P. DuVoisin, Esq.

1171612

Case 1:22-cv-02349-RPK-SJB   Document 1-1   Filed 04/26/22   Page 20 of 29 PageID #: 25

## AFFIRMATION OF SERVICE (e-file & mail)

I, Jared P. DuVoisin, Esq., an attorney duly admitted to practice law in the Courts of the State of New York hereby affirms under the penalties of perjury, as follows:

I am not a party to this action, am over 18 years of age, and reside in Hoboken, New Jersey.

On March 23, 2022, I e-filed and served the Verified Answer by First Class Mail, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository of the U.S. Postal Service within the State of New Jersey addressed to counsel at the below addresses designated for that purpose:

John C. Merlino, Esq.
William Schwitzer & Associates, Inc.
 820 Second Avenue, 10th Floor
New York, New York 10017


/s Jared DuVoisin_____
JARED P. DuVOISIN, Esq.
**TOMPKINS, McGUIRE**
         **WACHENFELD & BARRY, LLP**
3 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
(973) 622-3000

140 Broadway, 46th Floor
New York, New York 10005
(212) 714-1720


Affirmed this 23 day of March, 2022

1171612

# EXHIBIT C

# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Counselors at Law*

3 BECKER FARM ROAD, SUITE 402
ROSELAND, NEW JERSEY 07068-1726
Roseland (973) 622-3000
New York (212) 714-1720

**Jared P. DuVoisin**
Partner

FAX (973)623-7780
www.tompkinsmcguire.com

Direct Line (973) 623-7097
jduvoisin@tompkinsmcguire.com

March 23, 2022

**VIA FEDERAL EXPRESS**

John C. Merlino, Esq.
William Schwitzer & Associates
820 Second Avenue, 10th Floor
New York, New York 10017

> **Re:   Quezada v. Cassens Transport Company, et al.**
> **Index No. 700783/2022**

Dear Mr. Merlino:

As indicated in my prior correspondence, this firm has been retained to represent the Defendants in this matter.

Enclosed please find the following: (a) filed Answer; (b) Combined Discovery Demands; and (c) Demand for Bill of Particulars.

In addition, pursuant to CPLR § 3017(c), please provide a statement of the total damages to which Plaintiff deems herself entitled within 15 days.

I thank you for your attention and look forward to working with you.

Very truly yours

*/s Jared DuVoisin*

Jared P. DuVoisin
For   TOMPKINS, McGUIRE, WACHENFELD & BARRY

JPD
Encl.

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------
KHRISBELL QUEZADA,

                  Plaintiff,

           -against-

CASSENS TRANSPORT COMPANY and HERNAN
VALDIVIA,

                  Defendants.
------------------------------------------------------------------------

Index No.: 700783/2022

**RESPONSE TO**
**COMBINED DEMANDS**

Plaintiff, KHRISBELL QUEZADA, by her attorneys, WILLIAM SCHWITZER & ASSOCIATES,

P.C., as and for their response to Defendants CASSENS TRANSPORT COMPANY and HERNAN

VALDIVIA's Combined Demands and Discovery and Inspection, allege(s) upon information and

belief, as follows:

      **ADVERSE PARTY STATEMENTS:** At this time, Plaintiff is not in possession of any

opposing party statements.

      **COLLATERAL SOURCES:** Enclosed is an authorization to obtain Plaintiff's No-Fault

Insurance file from: Allstate Insurance Co., 300 Westage Business Center, Fishkill, New York

12524; Claim No.: 06275042269.

      **MEDICAL INFORMATION:** Annexed hereto are authorizations in order to obtain

Plaintiff's medical records from the following providers:

ASC of Rockaway
105-20 Rockaway Beach Blvd
Rockaway Park, NY 11694

Herschel Kotkes, M.D.
77 North Centre Avenue, Suite #208
Rockville Centre, NY 11570

Cristy Perdue, M.D.
Metropolitan Medical And Surgical
90-17 Jamaica Avenue
Woodhaven, NY 11421

Tri-Borough NY Medical Practice, PC
185 Kingsland Street
Nutley, NJ 07110

Richard E. Pearl, M.D.
333 East 56th Street, Ground Floor
New York, NY 10022

Norman Pennington
Radiology
111-20 Queens Blvd.
Forest Hills, NY 11375

**EXPERT INFORMATION**: Plaintiff does not presently intend to utilize the services of an expert witness other than those medical care providers who have treated the Plaintiff for the injuries sustained as a result of this accident. Plaintiff will call health care providers at the time of trial who will testify based upon the history of the trauma, the physical complaints made by the Plaintiff, the physical examinations conducted by the health care provider, diagnostic tests performed on the Plaintiff, records of other health care providers who have treated and examined the Plaintiff as well as the health care providers, education, training and expertise in their particular field of medicine. If the Plaintiff intends to call experts other than health care providers, then we will respond to CPLR 3101(4)(d)(1) prior to trial.

**ACCIDENT REPORTS**: Plaintiff is not in possession of any accident reports, other than the MV-104, which is a public record.

**WITNESSES**: At the present time, the Plaintiff is unaware of any witnesses other than the parties to the within action, individuals involved in the subject accident, and those that may be listed on the police report.

**AD DAMNUM:** Plaintiff, by her attorneys, WILLIAM SCHWITZER & ASSOCIATES, P.C. responds to defendants Demand for Ad Damnum as follows:

Plaintiff demands judgment against the defendants in the sum of TWENTY-FIVE MILLION ($ 25,000,000.00) DOLLARS all together with the costs and disbursements of this action.

The Plaintiff reserves the right to supplement this response if and when such information becomes available.

**PLEASE TAKE FURTHER NOTICE,** that the Plaintiff reserves her right to amend and/or supplement the above, if and when additional information becomes available.

Dated:  New York, New York
        April 13, 2021

Yours, etc.,
**WILLIAM SCHWITZER & ASSOCIATES, P.C.**

By: Michael W. Mahan, Esq.
    *Attorneys for Plaintiff*
    KHRISBELL QUEZADA
    820 Second Avenue, 10th Floor
    New York, New York 10017
    (212) 683-3800
    File No.: SNL21-002

TO:

Jared P. DuVoisin, Esq.
Tompkins, McGuire, Wachenfeld & Barry, LLP
Attorneys for Defendants
Cassens Transport Company and Hernan Valdivia
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
Tele: 973-623-7097
Fax: 973-623-7780
Email: jduvoisinill@tompkinsmcguire.com

**EXHIBIT E**



cyberdriveillinois.com is now ilsos.gov

Office of the Secretary of State Jesse White

# Corporation/LLC Search/Certificate of Good Standing

## Corporation File Detail Report

| File Number | 24914593 |
| --- | --- |
| Entity Name | CASSENS TRANSPORT COMPANY |
| Status | |
| ACTIVE | |

### Entity Information

Entity Type
CORPORATION

Type of Corp
DOMESTIC BCA

Incorporation Date (Domestic)
Monday, 28 December 1936

State
ILLINOIS

Duration Date
PERPETUAL

### Agent Information

Name

LISA M SHASHEK

Address
145 N KANSAS
EDWARDSVILLE , IL 62025

Change Date
Monday, 23 December 2002

## Annual Report

Filing Date
Wednesday, 24 November 2021

For Year
2021

## Officers

President
Name & Address
LISA SHASHEK 145 N KANSAS ST EDWARDSVILLE 62025

Secretary
Name & Address
MARK SHASHEK SAME

Return to Search

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.ilsos.gov, the official website of the Illinois Secretary of State's Office.          Mon Apr 25 2022